[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Celestino Cabasquini appeals a decision of a hearing officer appointed by the defendant commissioner of the department of income maintenance affirming the CT Page 5556 department's disbursement of certain social security payments to the city of New Haven. The department acted pursuant to General Statutes §§ 17-283 and 17-273c. The plaintiff appeals pursuant § 4-183. The court finds the issues in favor of the defendant commissioner.
The essential facts are not in dispute. The plaintiff received general assistance benefits pursuant to § 17-273 et seq. from the city of New Haven during the period December 1, 1985 to September 30, 1991. He applied to the Social Security Administration for Supplemental Security Income (SSI) benefits on October 29, 1986. This application remained pending for years, wending its way through the social security system.
While the SSI application was pending, the plaintiff signed a form authorizing the Social Security Administration to make the initial payment of the SSI benefit to the department of income maintenance. The form further provided that the department was authorized to use that initial payment to reimburse the city of New Haven for its outlay of general assistance benefits which had been made while the SSI application was pending. Finally, the authorization form provided that the department would pay any balance remaining, after making the reimbursement, to the plaintiff within ten working days after the payment was received from the Social Security Administration. Except under circumstances not present here, the authorization provided that it "will expire one year from the date it is received by the Department of Income Maintenance." The date of receipt was July 15, 1991; the expiration date would be, therefore, July 15, 1992.
On September 4, 1992, the Social Security Administration determined that the plaintiff was eligible for SSI benefits retroactive to July 27, 1987. The initial payment, covering the retroactive period, was in the amount of $12,095.42. The Social Security Administration sent this amount to the department of income maintenance in two installments, received by the department on November 9, 1992, and December 7, 1992.
On December 2, 1992, the department received from the Social Security Administration its form SSA-1825, CT Page 5557 which contains information concerning the beneficiary and the amount of the payment.
On December 4, 1992, the department sent to the city of New Haven the sum of $10,825.42, which the department had been holding since receiving it on November 9. On December 7, 1992, the department sent the city the sum of $1266.00, which it had received that day.
The plaintiff requested a fair hearing on the department's disbursement of his retroactive SSI benefits to the city. The department held the fair hearing on January 28, 1993, and the hearing officer rendered her decision on March 19, 1993.
In her decision, the fair hearing officer found that the city had paid general assistance benefits to the plaintiff during the period from July 27, 1987 to October 31, 1992, and was entitled to reimbursement for such payments in the amount of $10,753.50. Since the department had disbursed the sum of $12,095.42, the plaintiff was entitled to a "refund" of $1,341.92.
The plaintiff claims on appeal to this court that he is entitled to the full amount of the retroactive SSI benefit. The basis of this claim is that the plaintiff's authorization to the department to reimburse the city out of the plaintiff's SSI payment had expired on July 15, 1992, several months before the department received the checks from the Social Security Administration. Secondly, the plaintiff claims that at least the first disbursement of $10,829.42 was invalid because it was not made within ten business after the department received that check from the Social Security Administration.
The provisions of General Statutes §§ 17-273c(a)(1) and 17-283 dispose of the plaintiff's first claim. Section 17-283 imposes overall liability on recipients of general assistance to reimburse the municipality for amounts of such assistance received. Section 17-273c(a) (1) implements that statutory mandate in cases where the Social Security Administration diverts benefit payments to the state for reimbursement of general assistance outlays. That statute provides, in relevant part, that the "full amount of any interim assistance CT Page 5558 reimbursement received by the state shall be applied to reduce any obligation owed to the town by such recipient." The combined effect of these statutes is to require the department of income maintenance to disburse to the municipality any sums received on account of a general assistance recipient up to the amount necessary to reimburse the municipality for the amount of general assistance it may have paid. The SSI recipient can, of course, question the amount claimed by the municipality, but he or she cannot dispute the legal basis of the claim.
In the present case, the plaintiff attempts to override the statutory mandate to reimburse the municipality by, in effect, withholding authorization. That position may not be maintained, however, in the face of the city's clear entitlement to the money.
The plaintiff's second contention is based on the federal statute and regulations that require the state to disburse the sums it receives from the Social Security Administration within ten working days after receipt. Specifically, 42 § 1383(g)(4)(A) provides that if the Social Security administration pays the state more than the reimbursable amount, the state "shall pay to the individual the balance of such payment in excess of thereimbursable amount as expeditiously as possible, but in any event within ten working days. . ." (Emphasis added.) Similarly, 20 C.F.R. § 416.1910 provides that the "State will pay the excess amount to you no later than 10 working days from the date the State receives repayment from [the Social Security Administration]." (Emphasis added.) As these authorities make clear, the ten day time limit applies only to any amount held by the state that is in excess of the amount owed to the municipality.
In the present case, the department has paid the plaintiff the amount it received in excess of the amount owed to the city of New Haven. The plaintiff argues, however, that the department's failure to comply with the ten day rule requires that the state pay him the entire amount it received, including the amount he owes to the city. He bases this argument on a trial court decision in New York, Baez v. Bane et al, Index no. 400966/93, Supreme Court, New York County, December 30, 1993. The CT Page 5559 court does not find that decision persuasive in this case. In Baez, the court found that the municipality, which was responsible for the disbursement process, would "flaunt the law, as appears to be its practice," and one evident purpose of the court's decision was to teach the municipality a lesson. Id., 13.
In the present case, there is no evidence of bad faith or misfeasance. Indeed, the hearing officer found that the department delayed disbursement of the funds principally because it did not receive the necessary information from either the federal government or the city in timely fashion. Even if the department were guilty of "flaunting" the ten day rule, however, the court is not persuaded that the federal statute and regulation authorize paying the plaintiff more than the balance remaining after paying the city that which he owed.
The court concludes that the hearing officer correctly interpreted the applicable law and regulations. Accordingly, her decision must be affirmed. The appeal is dismissed.
MALONEY, J.